IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROGER PRINGLE,**

      **Petitioner,**

v.                                          **Case No. 2:16-cv-12089**

**THE LAND OFFICE OF RECORDS,**
**Charleston, West Virginia,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 12, 2016, the Clerk's Office received documentation from the plaintiff, Roger Pringle, a prisoner incarnated in the State of Indiana, which has been docketed as a "Motion to Petition for Land or Lot Number of Clay County, West Virginia" (ECF No. 1) and a "Motion to Petition for Assessment Work" (ECF No. 2). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S DOCUMENTS

The document contained in ECF No. 1 requests that this court "petition the Land Office of Records, Charleston, West Virginia" for "the lot records of homestead records Eagle Bend/Clay County years of 1800s for land or address lot numbers in Clay County, West Virginia, zip code 25113, with names of deeds law of property" and contains what appears to be a chronological list of the petitioner's ancestors in Clay County, West Virginia. (ECF No. 1). The document contained in ECF No. 2 requests that this court

"petition the Land Office of Records, Charleston, West Virginia" for "the records of mining claims on the public domains in the County of Holden, West Virginia, zip 25637, Fayetteville, West Virginia, zip 25840, County of Clay, West Virginia, zip 25113." (ECF No. 2). The motion/petition document further states "Access to Public Records Act (Ind. Code 5-14-3), would like to be able to obtain a copy of mining claims of propertys [sic properties] that may be with little house to work on and update." (*Id.*)

## ANALYSIS

Although difficult to decipher, the petitioner's documentation appears to seek assistance from this federal court in obtaining records from an alleged state agency. Construed liberally, the court treats the petitioner's requests as a petition for mandamus relief to require the production of the records sought. However, this court cannot grant such relief. Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner could even identify any clear and indisputable duty owed to him by the respondent, a federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States

District Court to issue a writ of mandamus directed to any state or county agencies or officials.

Moreover, the only legal authority cited by the petitioner in this documentation is a section of the Indiana Code (the "Access to Public Records Act," IND. CODE § 5-14-3) that is inapplicable in the State of West Virginia and this federal court. Although the petitioner may be able to obtain the records he seeks under the West Virginia Freedom of Information Act ("FOIA"), W. VA. CODE § 29B-1-5, this federal court has no jurisdiction to enforce that state statute. *See Suarez Corp. Indus. v. McGraw*, 125 F.3d 222 (4th Cir. 1997); *see also Barickman v. Bumgardner*, No. 1:07CV134, 2008 WL 2872712, *3 (N.D. W. Va., July 22, 2008) (any relief sought under the state FOIA must be brought in the state circuit court of the county where the requested records are stored).[1]

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's "Motion to Petition for Land or Lot Number of Clay County, West Virginia" (ECF No. 1) and a "Motion to Petition for Assessment Work" (ECF No. 2) as being legally frivolous and as failing to state a claim upon which relief can be granted, and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

---

[1] The petitioner has not indicated whether he has sought and been denied access to the requested records under the West Virginia FOIA, which is a pre-requisite to judicial intervention by the appropriate state court.

3

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

December 22, 2016

Dwane L. Tinsley
United States Magistrate Judge